Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10366 | **DATE** | January 18, 2013 |
| **CASE TITLE** | Victor Thompson vs. Toni Prepwinkle | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The full $350 filing fee is waived. The requirements of the Prison Litigation Reform Act do not apply to this case. The case is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(ii). The Clerk is instructed to enter a Rule 58 Judgment in favor of defendants against plaintiff. Any pending motions are moot. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.
Mail AO 450

# STATEMENT

Pro se plaintiff Victor Thompson has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Although Thompson's claim arises from an incident when he detained at the Cook County Jail, he filed the present suit while living in Chicago Heights, Illinois. Thus, the requirements of the Prison Litigation Reform Act do not apply to this case. 42 U.S.C. § 1997e(h); *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004).

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted because plaintiff states that he is impoverished. The full $350 filing fee is waived.

The Court is required to dismiss a case brought *in forma pauperis* when the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(ii). The following facts, drawn from the complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that plaintiff has a right to relief, by providing allegations that raise a right to relief above the

| STATEMENT |
|---|

speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff alleges that he was injured at the Cook County Jail on September 10, 2012. He jumped down from his bed on the top of the bunk bed when he slipped on loose gravel on the concrete floor in his cell. He braced his fall with his right hand causing pain to his shoulder.

Plaintiff did not immediate ask for medical attention, but instead waited for "several days." (Dkt. No. 1 at 5). When the pain did not subside, he wrote a grievance and was seen by a doctor on September 15th, five days after the original incident. The doctor scheduled him for an xray and provided him pain medication for the discomfort. He received the pain medication through the duration of his time at the Cook County Jail.

Plaintiff had to wait two weeks to receive the x ray. He then had to wait another two weeks to receive a CT scan, and to be seen by a orthopedic specialist. The orthopedic specialist provided a steroid injection to provide additional pain relief. Plaintiff has a scheduled follow up appoint with the orthopedic specialist for additional pain injections.

Plaintiff claims that he continues to be in pain despite receiving this medical treatment. He seeks $2,500,000 for the pain and suffering he suffered from the slip and fall in his cell.

Plaintiff's case must be dismissed for failure to state a claim. Regarding the slip and fall, correctional officials cannot be deliberately indifferent to conditions that "deprive an inmate of the minimal civilized measure of life's necessities." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (internal quotation marks and citation omitted). The complaint fails to plausibly suggest that correction officials were deliberately indifferent to the loose gravel that resulted in the slip and fall when plaintiff jumped down from his bed. A slip and fall suggests nothing more than negligence, and correctional officials cannot be held liable for negligence under the deliberate indifference standard. *McClain v. Curran*, No. 12 C 9405, 2012 WL 6171950, at *1 (N.D. Ill. Dec. 10, 2012) (citing *Farmer v. Brennan*, 511 U.S. 837 (1994); *Daniels v. Williams*, 474 U.S. 327, 332 (1986)) (rejecting slip and fall claim).

Plaintiff's complaint only raises the slip and fall claim. For completeness purposes, the Court also notes that plaintiff has no plausible claim regarding the medical treatment he received. A detainee may state a deliberate indifference claim when the doctor's deliberate indifference resulted in the plaintiff experiencing prolonged and unnecessary pain caused by an unnecessary delay in treatment. *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012) (citations omitted). However, the delay must be unreasonable. Here, the complaint does not suggest any unreasonable delay. Plaintiff received immediate medical attention once he decided to file his grievance. The pain medication did not immediately address the issue so plaintiff received an x ray. That they led to a CT scan and a referral to an expert and specialized pain medication. The complaint does not plausibly allege that the care plaintiff received from medical officials was so blatantly inappropriate as to be divorced from any medical judgment as to suggest deliberate indifference *Roe v. Elyea*, 631 F.3d 843, 857-58 (7th Cir. 2011). As mentioned above, the fact that plaintiff continues to suffer from pain, although unfortunate, is not enough to establish a claim.